UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| THOMAS D. YOUNG and<br>FREDA YOUNG, | ) <br>) <br>) | |
| Plaintiffs, | ) <br>) | Case No. 1:06-cv-709 |
| v. | ) <br>) | Honorable Robert Holmes Bell |
| OTTAWA COUNTY CIRCUIT COURT,<br>et al., | ) <br>) <br>) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) <br>) <br>) | |

This is a civil rights action brought *pro se* against the Ottawa County Circuit, three circuit judges, and the clerk of court. Plaintiffs' *pro se* action arises from the rulings made by Judges Bosman, VanAllsburg, and Post in a civil action pending in the Ottawa County Circuit Court, *James Charter Township v. Freda Young*, case no. 03-487803-CE. Plaintiffs seek a declaratory judgment from this court concerning the rulings of the Ottawa County Circuit Court in that case and request an injunction prohibiting the circuit court from proceeding until further order of this court.

Presently pending before this court is defendants' motion to dismiss plaintiffs' amended complaint. (Motion, docket # 10). Plaintiffs have filed a response to the motion. (docket # 13). By order of reference entered October 5, 2006, Chief Judge Robert Holmes Bell referred this matter to me for all pretrial purposes, including the issuance of a report and recommendation on all dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). Upon review of the submissions of the parties, I conclude that the amended complaint fails to state a claim upon which relief can be granted

against any defendant and that defendant Ottawa County Circuit Court is immune from suit under

Eleventh Amendment principles.  I therefore recommend that the motion to dismiss the amended

complaint be granted.

**Applicable Standard**

Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations of the

complaint.  *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Pratt v. Ventas,*

*Inc.*, 365 F.3d 514, 519 (6th Cir. 2004).  The court must construe the complaint in the light most

favorable to plaintiff, accept all factual allegations as true, and determine whether it is established

beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle

him to relief.  *See Roberts v. Ward*, 468 F.3d 963, 967 (6th Cir. 2006); *Flaim v. Medical Coll. of*

*Ohio*, 418 F.3d 629, 638 (6th Cir. 2005).  While the standard is decidedly liberal, it requires more

than the bare assertion of legal conclusions.  *See Hughes v. Sanders*, 469 F.3d 475, 477 (6th Cir.

2006); *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006);

*National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th

Cir. 2005).  Courts are not required to conjure up unpleaded allegations.  *See Wells v. Brown*, 891

F.2d 591, 594 (6th Cir. 1989); *see also Hall v. Beast*, 116 F. App'x 557, 559 (6th Cir. 2004).  The

court need not accept as true legal conclusions or unwarranted factual inferences.  *See  Mezibov v.*

*Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed

attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even the lenient treatment

generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.

1991). "In practice, a . . . complaint must contain either direct or inferential allegations respecting

all the material elements to sustain a recovery under <u>some</u> viable legal theory." *Allard v. Weitzman*

*(In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *see Southeast Texas Inns, Inc.*,

452 F.3d at 671-72; *Mezibov*, 411 F.3d at 716.

Plaintiffs elected to support their complaint with exhibits. Plaintiffs' exhibits have

been considered in evaluating defendants' motion to dismiss, but have not converted the defendants'

motion to dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 10(c); *Benzon v.*

*Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 603-04 (6th Cir. 2005); *Amini v. Oberlin Coll.*, 259

F.3d 493, 502 (6th Cir. 2001) ("'In determining whether to grant a Rule 12(b)(6) motion, the court

primarily considers the allegations of the complaint, although matters of public record, orders, items

appearing in the record of the case, and exhibits attached to the complaint, also may be taken into

account.'") (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)); *see also Never Tell*

*Farm, LLC v. Airdrie Stud, Inc.*, 123 F. App'x 194, 197 (6th Cir. 2005).

### Allegations in Complaint

The complaint, amended complaint, and attachments thereto reveal the following.

Thomas D. Young and Freda Young were named as defendants in a complaint filed in the Ottawa

County Circuit Court on November 11, 2003, in *James Charter Township v. Thomas Young and*

*Freda Young*, case no. 03-47803-CE, a zoning violation case involving a parcel of land located at

315 Adams Street, Byron Center, Michigan. Plaintiffs allege that they filed their respective answers

in February and March of 2004 and demanded a trial by jury. On June 7, 2004, Circuit Judge Calvin

Bosman conducted a hearing on the question whether the defendants in that case were entitled to a jury trial. The township attorney argued that actions under the building code to abate ordinance violations were equitable in nature and that no jury trial was available. Judge Bosman denied the request for a trial by jury, and thereafter denied repeated requests for a jury trial. Defendant Daniel Krueger, the Clerk of the Circuit Court, allegedly refused to accept payment from plaintiffs of the jury fee, in reliance on Judge Bosman's ruling.

By order entered November 16, 2004, Judge Bosman entered a summary disposition in favor of the township and against Freda Young on counts 1 and 2 of the complaint. By order entered May 23, 2005, Judge Bosman found that Thomas D. Young had no interest in the premises at 315 Adams Street and therefore dismissed the action with prejudice as against defendant Thomas Young. Judge Bosman thereafter disqualified himself from the case, and defendant Judge Jon VanAllsburg was assigned to the matter.

On July 18, 2006, Freda Young filed a motion for declaratory judgment and dismissal, again requesting a trial by jury. The Clerk again refused to accept the jury fee tendered. Judge VanAllsburg denied repeated requests for trial by jury.

The amended complaint apparently takes issue with a number of the rulings made by the various circuit judges who acted in this matter. Plaintiffs allege that Judge Bosman denied requests for transcripts (Am. Compl. ¶ 28), entered a summary disposition against her without allowing her to speak, call witnesses, or present her case to a jury (*Id.* ¶ 29), and refused to allow Freda Young's sons to speak on her behalf at a hearing (*Id.* ¶ 30). Likewise, they allege that Judge VanAllsburg refused to allow Mrs. Young to present oral argument (*Id.* ¶ 34) and denied her a transcript (*Id.* ¶ 35). Plaintiffs allege that defendant Krueger refused to file documents presented to

him (*Id.* ¶¶ 36-39) or to schedule hearings (*Id.* ¶ 40).  They assert that Judge Edward Post held a hearing on their motion to disqualify another judge without giving them notice of the hearing.  (*Id.* ¶¶ 41-43).

Plaintiffs assert that they have the right to trial by jury under the federal and state Constitutions, that the circuit court has ignored its own orders and has ignored the pleadings of the parties and that defendants have denied them due process of law.  (Am. Compl. ¶¶ 45-48).  For relief, plaintiffs request a declaration informing defendants that they have abused their authority, and an order voiding all judgments and orders issued by the circuit court.  In their response to the motion to dismiss, plaintiffs further request an injunction against any further proceedings in the state circuit court.

## Discussion

This purported civil rights action is a patent attempt to interfere with the orderly processes of the state circuit court.  I note that plaintiffs filed a similar action against Judge Bosman, *Thomas D. Young and Freda Young v. Judge Calvin L. Bosman*, case no. 1:06-cv-387, which arose from the same Ottawa Circuit Court zoning proceeding.  The complaint in that case sought a declaratory judgment that Judge Bosman's actions were "arbitrary and capricious."  By opinion and judgment entered August 24, 2006, Judge Wendell A. Miles of this court dismissed the action on Eleventh Amendment grounds, observing that plaintiffs alleged only that Judge Bosman acted in violation of state laws and abused his discretion.  Plaintiffs filed the present action about two months later, again seeking vague declarations concerning the conduct of the Ottawa County Circuit Court matter and, in this case, requesting direct interference with that case.

Plaintiffs' claims are subject to numerous, fatal infirmities.  Discussion of only the most obvious problems will suffice for present purposes.

### A.      Sovereign Immunity

Plaintiffs have named as a defendant the 20th Circuit Court for Ottawa County, Michigan.   The circuit court has asserted Eleventh Amendment immunity.   The Eleventh Amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Under the Michigan Constitution, the judiciary is a separate and independent branch of state government.  Each state circuit court is part of the "one court of justice" established by the Michigan Constitution. MICH. CONST. art. VI, § 1.  *See Smith v. Oakland County Circuit Court*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004).  The Sixth Circuit has squarely held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity.  *See Abick v. State of Michigan*, 803 F.2d 874 (6th Cir. 1986).  The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts.  *See Harmon v. Hamilton County Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268-270 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, No. 05-4129, 2007 WL 81659, at * 1 (3d Cir. Jan. 11, 2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Pima County Superior Court*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905 (10th Cir. 1995).

Defendant Ottawa County Circuit Court is therefore entitled to dismissal of this action on Eleventh Amendment immunity grounds.

### B.       Anti-Injunction Act/Rooker-Feldman Doctrine

It is unclear whether the Ottawa County Circuit Court case that gives rise to this civil rights action is still pending.  If the action is still pending, this court is prohibited from enjoining the progress of that case or otherwise interfering with it by the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits courts of the United States from granting an injunction to stay proceedings in a state court except as authorized by an act of Congress, or where necessary, in aid of its jurisdiction, or to protect or effect its judgments.  The purpose of the Anti-Injunction Act is to prevent needless friction between state and federal courts.  *See Honey v. Goodman*, 432 F.2d 333, 341 (6th Cir. 1970).  The United States Supreme Court has held that the Anti-Injunction Act prevents the federal court from interfering with a state zoning action, and that no except to section 2283 applies in such cases.  *See Imperial County, California v. Munoz*, 449 U.S. 54 (1980).

If, by contrast, the Ottawa County Circuit Court action is now concluded, plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state court losers" where the plaintiff complains of injury from the state-court judgment itself.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007); *Feiger v. Ferry*, 471 F.3d 637, 642-43 (6th Cir. 2006).  In the present case, plaintiffs directly request an order from this court voiding all previous judgments and orders of the Ottawa County

Circuit Court.  Under the *Rooker-Feldman* doctrine, this court lacks appellate jurisdiction over the state circuit court and is not authorized to review the validity of its judgments and orders.

Finally, plaintiffs' request for a declaratory judgment concerning their right to a jury trial in the circuit court is meritless.  Although the doctrine of absolute judicial immunity does not protect judges from claims for declaratory or injunctive relief on a prospective basis, *see Pulliam v. Allen*, 466 U.S. 522 (1984), the allegations of the complaint must establish a basis for such prospective relief.  In the present case, plaintiffs' insistence on the right to trial by jury in the state courts is not meritorious.  The Supreme Court has long held that the Seventh Amendment's guarantee of a right to trial by jury applies only in the federal courts and not to state-court proceedings.  *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 432 (1996); *Curtis v. Loether*, 415 U.S. 189, 192 n.6 (1974).  The other judicial actions complained of, such as the courts' refusal to allow a lay person to speak on behalf of a *pro se* party, involve no conceivable federal constitutional right.

## Recommended Disposition

For the foregoing reasons, I recommend that defendants' motion to dismiss the amended complaint (docket # 10) be granted and that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.


Dated:  May 11, 2007                         /s/  Joseph G. Scoville
                                             United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).